J-S14032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GENESIS TURF GRASS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SYNATEK, LP, D/B/A "SYNATEK SOLUTIONS, INC." AND JONATHAN C. MACNAMARA, | |
| Appellant | No. 1396 MDA 2015 |

Appeal from the Order Entered July 28, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-SU-002913-89

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 19, 2016**

Appellant Jonathan McNamara appeals from the order of the Court of Common Pleas of York County directing him to produce his attorney's notes and summaries from an interview with witness Randy Ratcliffe.  As we agree that such documentation is protected from disclosure as attorney work product under Pennsylvania Rule of Civil Procedure 4003.3, we reverse the trial court's order in part with further directions contained in this decision.

Genesis Turf Grass, Inc. ("Respondent") initiated this action against its former employee, Appellant and SynaTek L.P., d/b/a SynaTek Solutions, Inc. ("SynaTek"), alleging that Appellant breached a non-competition agreement when he began working for SynaTek.  Appellant responded by filing an action alleging that Respondent violated the Pennsylvania Wage and Collection Law when it failed to pay Appellant the full amount of commission

_____
*Former Justice specially assigned to the Superior Court.

he was due under the parties' contract. The two cases were consolidated by the trial court.

Upon beginning the discovery phase of trial, the parties scheduled the deposition of Randy Ratcliff, who was also a former employee of Respondent and a current employee of SynaTek. Respondent argued that Appellant was not due any additional commission as he agreed to split his commissions with Ratcliff, an allegation which Appellant denies. Appellant's attorney, M. Jason Asbell, Esq., admits that he met with Ratcliff prior to the deposition to discuss claims which Ratcliff could potentially bring against Respondent.

At Ratcliff's June 9, 2015 deposition, Ratcliff initially stated that he had not met with anyone prior to giving the deposition. After a break in the deposition, Ratcliff clarified that he had spoken to Atty. Asbell before the deposition. Atty. Asbell then invoked the attorney-client privilege with respect to any conversation he had with Ratcliff.

On July 13, 2015, Respondent filed its "Motion to Compel the Testimony of Randy Ratcliff, [Appellant], and the Production of Attorney Asbell's Notes." Respondent asked the trial court to compel the deposition of Ratcliff in regards to his conversations with Atty. Asbell and order the production of "any and all notes from [Atty. Asbell's] meeting with Mr. Ratcliff." Respondent's Motion to Compel, 7/13/15, at 6. Appellant filed a response, arguing that counsel's conversations with Ratcliff were protected by attorney-client privilege and his notes and summaries of his interview of Ratcliff were protected under the work product doctrine.

- 2 -

On July 28, 2015, the trial court heard oral argument on Respondent's motion. In a subsequent order, the trial court granted Respondent's motion to compel Ratcliff's testimony and ordered the "production of documents with respect to the conversation between Attorney Asbell and Mr. Ratcliff." Order, 7/29/15, at 2. The trial court indicated in its order that the attorney-client privilege did not apply, but did not discuss the applicability of the work product doctrine. However, although not memorialized in the trial court's order, the trial court indicated at the hearing that Appellant could redact from Attorney Asbell's notes any of counsel's mental impressions or legal positions. N.T., 7/28/15, at 27-28. Appellant filed a timely notice of appeal and complied with the trial court's directions to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Appellant raises one issue for our review:

Whether [Appellant's] Counsel should be ordered to produce attorney memoranda, notes, and summaries of discussions with Mr. Ratcliff to opposing counsel when Pa.R.C.P. 4003.3 and its comment explicitly protect such documents from disclosure to opposing counsel?

Appellant's Brief at 3.

Before we reach the merits of Appellant's argument, it is essential to determine whether this Court has jurisdiction over this appeal. Pennsylvania law provides that an appeal is proper in the following instances:

[a]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by

permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Veloric v. Doe***, 123 A.3d 781, 784 (Pa.Super. 2015) (citation omitted).

Appellant claims the trial court's discovery order is subject to immediate appeal as a collateral order pursuant to Rule 313(b). We agree. Rule 313(b) defines a collateral order as an order that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). While "most discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation…[,] certain discovery orders, particularly those involving ostensibly privileged material, have been found to be immediately appealable as collateral orders pursuant to Pa.R.A.P. 313." ***Veloric***, 123 A.3d at 784 (citations omitted). ***See also Rhodes v. USAA Cas. Ins. Co.***, 21 A.3d 1253, 1258 (Pa.Super. 2011) (stating "discovery orders involving purportedly privileged material are appealable because if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot"). As Appellant alleges that the trial court's discovery order compels the disclosure of attorney work product, we find Appellant has appealed a collateral order which may be subject to our review.

In reviewing Appellant's claim that the trial court's discovery order was overly broad, our standard of review is as follows:

Whether the attorney-client privilege or the work product doctrine protects a communication from disclosure is a question of law. This Court's standard of review over questions of law is de novo, and the scope of review is plenary. Our review of a discovery order, as well as a trial court's order imposing sanctions, requires the application of an abuse of discretion standard.

***Saint Luke's Hosp. of Bethlehem v. Vivian***, 99 A.3d 534, 540 (Pa.Super. 2014), *appeal denied*, 114 A.3d 417 (Pa. 2015).

Appellant limits his claim to challenge the propriety of the trial court's discovery order with respect to the work product doctrine.[1] Pennsylvania Rule of Civil Procedure 4003.3 codifies the work product doctrine and states in relevant part:

Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney ... insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

Pa.R.C.P. 4003.3. The Comment to Rule 4003.3 provides further clarification that is particularly relevant to this case: "[u]nder the Rule, a

---

[1] As noted above, the trial court also rejected Appellant's claim that the attorney-client privilege protected such documents from disclosure. As Appellant elected not to appeal this specific finding, we need not review this claim further.

lawyer's notes or memoranda of an oral interview of a witness, who signs no written statement, are protected." Comment to Pa.R.C.P. 4003.3. *Cf. Commonwealth v. Williams*, 624 Pa. 405, 428-29, 86 A.3d 771, 785 (2014) (noting that the Pennsylvania Rules of Criminal Procedure "vest[] discretion in the trial court to order pre-trial disclosure of [attorney] notes, but significantly, only those notes that are a "substantially verbatim" record of a witness's statement; an attorney's imprecise summary, selected statements, interpretations, or recollections, are not subject to disclosure under the rule").

This Court has explained that the protection against the discovery of work product is designed to "shield the mental processes of an attorney, providing a privileged area within which he can analyze and prepare his client's case. The doctrine promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1062 (Pa.Super. 2008) (citation omitted). The United States Supreme Court established the work-product doctrine in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) to protect the mental impressions, conclusions, notes, memoranda, theories and research of an attorney from disclosure to opposing counsel during discovery. In near identical factual circumstances, the Supreme Court found it was improper for the District Court to order the disclosure of the defense attorney's private documentation and personal memoranda of witness interviews taken in preparation of litigation without

requiring the plaintiff to establish adequate reasons to justify production, emphasizing:

> [h]istorically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways — aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Id.* at 510-11, 67 S. Ct. at 93-94, 91 L. Ed. 451.

In the instant case, the trial court ordered Appellant to produce the "documents with respect to the conversation between Attorney Asbell and Mr. Ratcliff." Order, 7/28/15, at 2. While the order stated that the attorney-client privilege did not prevent disclosure of this information, the trial court's order fails to address the fact that protected work product material may be at issue. Although the trial court order suggested on the

record at the hearing on Respondent's motion to compel that Appellant could redact from Attorney Asbell's notes any of counsel's mental impressions or legal positions, the trial court fails to recognize that counsel's notes may not contain any discoverable material such as verbatim statements made by Ratcliff, but simply be counsel's personal recollection and summary of the interview.

In reviewing such a discovery request, the party invoking the privilege must "initially set forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the [] privilege, e.g., because the privilege has been waived or because some exception applies." *T.M.*, 950 A.2d at 1063. Accordingly, upon remand, the trial court may conduct *in camera* review of the documents sought in discovery to assess whether they contain discoverable material. As a result, we vacate the trial court's July 28, 2015 order in part with respect to its direction that documents related to Attorney Asbell's conversation with Ratcliff be produced without limitation.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016